FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Sovereign Bank | **DEFENDANTS**<br>Robert B. Our Co., Inc., et al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Jessica E. Murphy<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street, Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>Fax: (508) 791-8502 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
To deposit surplus proceeds from foreclosure sale with Court and require defendants to interplead and resolve their claims to such surplus pursuant to Fed. R. Civ. P. 22 and 67, Fed. R. Bankr. P. 7022 and 7067 and 28 U.S.C. §§ 1335, 1397 and 2361.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive Relief - reinstatement of stay
☐ 72-Injunctive Relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91-Declaratory Judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§8aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

{Practice Areas\CORP\17325\00085\A1648026.DOC}

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**Deborah Jean Silva** | | BANKRUPTCY CASE NO.<br>**09-19222-WCH** |
| DISTRICT IN WHICH CASE IS PENDING<br>**Massachusetts** | DIVISIONAL OFFICE<br>**Eastern** | NAME OF JUDGE<br>**William C. Hillman** |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>**Sovereign Bank** | DEFENDANT<br>**Robert B. Our Co., Inc. et al.** | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>**Massachusetts** | DIVISIONAL OFFICE<br>**Eastern** | NAME OF JUDGE<br>**William C. Hillman** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Jessica E. Murphy | |
| DATE<br>**July 28, 2010** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Jessica E. Murphy** |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney.) A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

{Practice Areas\CORP\17325\00085\A1648026.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>DEBRA JEAN SILVA,<br><br>    Debtor. | Chapter 7<br>Case No. 09-19222-WCH |
| SOVEREIGN BANK,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT B. OUR CO., INC., ROCKLAND TRUST COMPANY, EDWARD E. VEARA, HALLSMITH-SYSCO FOOD SERVICES, LLC, ROYAL BANK AMERICA LEASING, JOHN F. NOONS, INC., THE COMMONWEALTH OF MASSACHUSETTS, NICKERSON LUMBER COMPANY, CAPE TIP SEAFOOD, INC., TIMEPAYMENT CORP., 85-87 SHANKPAINTER ROAD, LLC, CLEMENT A. SILVA, individually and as Trustee of the CLEMDEB REALTY TRUST, DEBRA J. SILVA, as Trustee of the CLEMDEB REALTY TRUST, and STEPHEN E. SHAMBAN, as Chapter 7 Trustee,<br><br>    Defendants. | Adversary Proceeding<br>Case No.: |

## COMPLAINT FOR INTERPLEADER

### INTRODUCTION

The Plaintiff, Sovereign Bank, pursuant to Fed. R. Civ. P. 22 and 67, Fed. R. Bankr. P. 7022 and 7067, and 28 U.S.C. §§ 1335, 1397 and 2361, brings this action to deposit surplus

{Practice Areas\CORP\17325\00085\A1643467.DOC}

proceeds from a foreclosure sale with the Court and require the defendants to interplead and resolve their claims to such surplus.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1335. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1397, as one or more of the claimants reside in this judicial district.

## PARTIES

2. The plaintiff, Sovereign Bank (the "Bank"), is a banking institution with a usual place of business at 446 Main Street, Worcester, Massachusetts.

3. The Defendant, Robert B. Our Co., Inc. ("Our Co."), is a Massachusetts corporation with a usual place of business at 24 Great Western Road, Harwich, Massachusetts.

4. The defendant, Rockland Trust Company ("Rockland Trust"), is a banking institution with a usual place of business at 288 Union Street, Rockland, Massachusetts.

5. The defendant, Edward E. Veara, ("Veara"), is an individual with a last known residential address of 828 Main St., Dennis, Massachusetts.

6. The defendant, Sysco Boston, LLC ("Sysco"), is a Delaware company with a usual place of business at 380 South Worcester Road, Norton, Massachusetts.

7. The defendant, Royal Bank America Leasing ("America Leasing"), is a banking institution with a usual place of business at 550 Township Line Road, Suite 425, Bluebell, Pennsylvania.

8. The defendant, John F. Noons, Inc. ("Noons"), is a Massachusetts corporation with a usual place of business at 6 Noons Heights, North Truro, Massachusetts.

9. The defendant, the Commonwealth of Massachusetts (the "Commonwealth"), has a mailing address of 1 Ashburton Place, Boston, Massachusetts.

10. The defendant, Nickerson Lumber Co. ("Nickerson Lumber"), is a Massachusetts corporation with a usual place of business at 465 Route 134, P.O. Box 1418, South Dennis, Massachusetts 02660.

11. The defendant, Cape Tip Seafood, Inc. ("Cape Tip Seafood"), is a Massachusetts corporation with a usual place of business at 45A Court Street, Provincetown, Massachusetts.

12. The defendant, Timepayment Corp. ("Timepayment"), is a Delaware corporation with a usual place of business at 10M Commerce Way, Woburn, Massachusetts.

13. The defendant, 85-87 Shankpainter Road, LLC ("85-87 Shankpainter Road LLC"), is a Massachusetts company with a usual place of business at 85 Shank Painter Road, Provincetown, Massachusetts.

14. The defendant, Clement A. Silva ("Clement Silva"), is an individual with a last known address of P.O. Box 402, N. Truro, Massachusetts. Clement Silva is also a Trustee of the ClemDeb Realty Trust.

15. The defendant, Debra J. Silva ("Debra Silva"), is a Trustee of the ClemDeb Realty Trust, with a last known address of P.O. Box 402, N. Truro, Massachusetts.

16. The defendant, Stephen E. Shamban ("Shamban"), is the Chapter 7 trustee for Debra Silva, with a usual place of business at 222 Forbes Road, P.O. Box 850973, Braintree, Massachusetts.

## REQUEST FOR INTERPLEADER

17.   As of January 10, 2000, Clement Silva and Debra Silva were the record owners of property located at 85-87 Shank Painter Road, Provincetown, Massachusetts (the "Property"), as joint tenants with right of survivorship.

18.   A deed was subsequently executed conveying the Property from Clement Silva and Debra Silva, as trustees of the ClemDeb Realty Trust, to 85-87 Shankpainter Road and recorded in the Barnstable County Registry of Deeds, Book 21358, Page 311. However, there is no record that the Property was ever owned by the ClemDeb Realty Trust.

19.   The Bank was the holder of two mortgages executed by Clement Silva and Debra Silva dated June 4, 2001 against the Property, and recorded in the Barnstable County Registry of Deeds in Book 13903, Page 118 and Book 13903, Page 134.

20.   The Bank was the holder of a third mortgage executed by Clement Silva and Debra Silva dated December 31, 2003 against the Property, recorded in the Barnstable County Registry of Deeds in Book 18094, Page 218, (the mortgages collectively, the "Mortgages").

21.   On June 28, 2010, the Bank exercised its power of sale and sold the Property at a public foreclosure auction to Chris Townsend for $525,000.00, being the highest bid at the foreclosure auction. After satisfaction of the Mortgages and related expenses, there exists a surplus in the amount of $80,427.56 from the foreclosure (the "Surplus").

22.   The Bank is aware of the following encumbrances against the Property recorded with the Barnstable County Registry of Deeds:

   a.   A mortgage from 85-87 Shankpainter Road, LLC to Our Co., dated July 17, 2008, in the principal amount of $25,691.71, recorded in Book 23052, Page 111;

      b.      A mortgage from 85-87 Shankpainter Road, LLC to Rockland Trust, dated July 14, 2008, in the principal amount of $200,000.00, recorded in Book 23075, Page 126;

      c.      An attachment in favor of Veara in the amount of $6,000.00, recorded in Book 22994, Page 98;

      d.      An attachment in favor of Our Co. in the amount of $25,000.00, recorded in Book 22923, Page 99;

      e.      An attachment in favor of Sysco in the amount of $10,000.00, recorded in Book 23023, Page 111;

      f.      An attachment in favor of America Leasing in the amount of $75,000.00, recorded in Book 23100, Page 93;

      g.      An attachment in favor of America Leasing in the amount of $75,000.00, recorded in Book 23100, Page 91;

      h.      An attachment in favor of Noons in the amount of $51,600.00, recorded in Book 23127, Page 104;

      i.      Tax liens by the Commonwealth in the amount of $12,298.03 and $69,953.44, recorded in Book 23251, Page 151 and Book 23756, Page 196, respectively;

      j.      An attachment in favor of Nickerson Lumber in the amount of $13,000.00, recorded in Book 23344, Page 330;

      k.      An execution in favor of Cape Tip Seafood in the amount of $12,361.32, recorded in Book 23411, Page 201;

      l.      An attachment in favor of Timepayent in the amount of $15,000.00, recorded in Book 23429, Page 172;

      m.    An attachment in favor of Rockland Trust in the amount of $100,000.00, recorded in Book 24060, Page 146; and

      n.    An attachment in favor of Rockland Trust in the amount of $214,582.24, recorded in Book 24532, Page 147.

23.    Due to the potential conflicting claims of the defendants to the Surplus, the Bank is uncertain as to which defendant is entitled to be paid the Surplus currently being held by it.

WHEREFORE, the Bank respectfully requests that the Court enter an order:

    a.    Requiring the Bank to deposit the Surplus with the Court;

    b.    Requiring the defendants to interplead and settle among themselves their rights to the Surplus, if any, and that the Bank be discharged from all liability to the defendants;

    c.    Restraining the defendants from instituting any action against the Bank in connection with the Surplus;

    d.    Dismissing the Bank from this action with prejudice;

    e.    Awarding the Bank its costs, and attorneys' fees, and allowing payment of those costs to be deducted from the Surplus; and

    f.    Granting such other and further relief as the Court may deem just.

SOVEREIGN BANK,
By its attorneys,

/s/ Jessica E. Murphy
Robert B. Gibbons, BBO #631049
Jessica E. Murphy, BBO #664361
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608
Ph.: (508) 791-8500
Fax: (508) 791-8502
Email: jmurphy@mirickoconnell.com

Dated: July 28, 2010

  m. An attachment in favor of Rockland Trust in the amount of $100,000.00, recorded in Book 24060, Page 146; and

  n. An attachment in favor of Rockland Trust in the amount of $214,582.24, recorded in Book 24532, Page 147.

23. Due to the potential conflicting claims of the defendants to the Surplus, the Bank is uncertain as to which defendant is entitled to be paid the Surplus currently being held by it.

WHEREFORE, the Bank respectfully requests that the Court enter an order:

  a. Requiring the Bank to deposit the Surplus with the Court;

  b. Requiring the defendants to interplead and settle among themselves their rights to the Surplus, if any, and that the Bank be discharged from all liability to the defendants;

  c. Restraining the defendants from instituting any action against the Bank in connection with the Surplus;

  d. Dismissing the Bank from this action with prejudice;

  e. Awarding the Bank its costs, and attorneys' fees, and allowing payment of those costs to be deducted from the Surplus; and

  f. Granting such other and further relief as the Court may deem just.

            SOVEREIGN BANK,
            By its attorneys,

            /s/ Jessica E. Murphy
            Robert B. Gibbons, BBO #631049
            Jessica E. Murphy, BBO #664361
            Mirick, O'Connell, DeMallie & Lougee, LLP
            100 Front Street
            Worcester, MA 01608
            Ph.: (508) 791-8500
            Fax: (508) 791-8502
            Email: jmurphy@mirickoconnell.com

Dated: July 28, 2010