**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In Re:**<br><br>**DEBRA JEAN SILVA,**<br><br>       **Debtor.** | **Chapter 7**<br>**Case No. 09-19222-WCH** |
| **SOVEREIGN BANK,**<br>       **Plaintiff,**<br><br>       **v.**<br><br>**ROBERT B. OUR CO., INC., ROCKLAND TRUST COMPANY, EDWARD E. VEARA, HALLSMITH-SYSCO FOOD SERVICES, LLC, ROYAL BANK AMERICA LEASING, JOHN F. NOONS, INC., THE COMMONWEALTH OF MASSACHUSETTS, NICKERSON LUMBER COMPANY, CAPE TIP SEAFOOD, INC., TIMEPAYMENT CORP., 85-87 SHANKPAINTER ROAD, LLC, CLEMENT A. SILVA, individually and as Trustee of the CLEMDEB REALTY TRUST, DEBRA J. SILVA, as Trustee of the CLEMDEB REALTY TRUST, and STEPHEN E. SHAMBAN, as Chapter 7 Trustee,**<br>       **Defendants.** | **Adversary Proceeding**<br>**Case No.:  10-01205** |

**PLAINTIFF'S MOTION TO DEPOSIT SURPLUS PROCEEDS INTO COURT**

**I. NATURE AND STATUS OF PROCEEDINGS**

1.      This is an action for interpleader to resolve claims in connection with the surplus

proceeds from a foreclosure sale by the plaintiff, Sovereign Bank (the "Bank").  All of the

interested parties are being served with the summons, complaint and this motion.  The Bank now

{Practice Areas\CORP\17325\00085\A1645377.DOC}

moves this Court, pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 67, made applicable by Fed.

R. Bank. P. 7067, for an Order permitting it to deposit the surplus proceeds with the Clerk of

Court pending resolution of this interpleader action.

## II.  FACTS

2.      To secure certain obligations to the Bank, Clement A. Silva ("Clement Silva")

and Debra J. Silva ("Debra Silva") executed three mortgages in favor of the Bank against

property located at 85-87 Shank Painter Road, Provincetown, Massachusetts (the "Property").

As a result of defaults of the obligations to the Bank, on June 28, 2010, the Bank exercised its

power of sale and sold the Property at a public foreclosure auction for $525,000.00.  After

satisfaction of the mortgages and related expenses, there exists a surplus in the amount of

$80,427.56 (the "Surplus").

3.      Junior to the Bank's mortgages, a number of encumbrances were recorded against

the Property for obligations of Clement Silva and/or Debra Silva.  In addition, several

encumbrances were recorded against the Property for obligations of 85-87 Shankpainter Road,

LLC.  There exists a deed of record purporting to convey the Property from Clement Silva and

Debra Silva, as Trustees of the ClemDeb Realty Trust (the "Trust") to 85-87 Shankpainter Road,

LLC.  However, no recorded deed exists transferring the Property to the Trust.  As such, there is

an issue as to the validity/priority of the encumbrances of record because the Trust does not

appear to have had the ability to transfer the Property to 85-87 Shankpainter Road, LLC.

4.      Because of this dispute, the Bank has not distributed the Surplus. The defendants'

potential claims may expose the Bank to multiple liabilities for the Surplus.  As such, the Bank

seeks to deposit the Surplus into this Court pending resolution of the defendants' rights, if any, to

the Surplus.

### III.  ARGUMENT

5.      "Interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit."  Fidelity Brokerage Servs, LLC v. Bank of China, 192 F.Supp.2d 173, 177 (S.D.N.Y. 2002).  An interpleader action is appropriate where the adverse claims show "a minimal threshold level of substantiality."  Equitable Life Assur. Soc. v. Porter-Englehart, 867 F.2d 79, 84 (1st Cir. 1989).  "The threat of possible multiple litigation — not necessarily the likelihood of duplicative liability — justifies resort to interpleader."  Equitable Life Assur. Soc. v. Porter-Englehart, 867 F.2d at 84 citing Underwriters at Lloyd's v. Nichols, 363 F.2d 357, 365 (8th Cir. 1966).

6.      Statutory interpleader requires a disinterested stakeholder, two or more adverse claimants of diverse citizenship, funds of more than $500.00 in controversy and a deposit of those funds into Court.  28 U.S.C. § 1335.  Rule 7067 specifically provides for depositing funds into Court.  In this case, all of the interpleader requirements are met.

7.      The law does not require the Bank to determine, at its peril, the rights of the respective defendants to the Surplus.  There is a real dispute regarding the validity of junior encumbrances on the Property as a result of the deed reporting to convey the Property to 85-87 Shankpainter, LLC.  While the Bank acknowledges that it owes the Surplus to one or more of the defendants, this dispute entitles the Bank to deposit the Surplus into this Court pending resolution of the defendants' rights, if any, to the Surplus.

## IV. **CONCLUSION**

8.      For the reasons stated herein, the Bank respectfully requests this Court permit it to deposit funds in the amount of $80,427.56 with the Court pending resolution of this interpleader action.  Upon the allowance of this motion, the Bank will seek a dismissal as a disinterested stakeholder and request the recovery of its Attorneys' fees and costs associated with this interpleader action.

SOVEREIGN BANK,
By its attorneys,

/s/ Jessica E. Murphy
Robert B. Gibbons, BBO #631049
Jessica E. Murphy, BBO #664361
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608
Phone: (508) 791-8500
Fax:    (508) 791-8502
Email:  jmurphy@mirickoconnell.com

Dated: July 28, 2010