**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re:** ) | | |
| **DEBRA JEAN SILVA,** ) | **Chapter 7** | |
| Debtor. ) | **Case No. 09-19222-WCH** | |
| ) | | |
| **SOVEREIGN BANK,** ) | | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| **ROBERT B. OUR CO., INC., ROCKLAND** ) | | |
| **TRUST COMPANY, EDWARD E. VEARA,** ) | | |
| **HALLSMITH-SYSCO FOOD SERVICES, LLC,** ) | | |
| **ROYAL BANK AMERICA LEASING,** ) | **Adversary proceeding** | |
| **JOHN F. NOONS, INC., THE** ) | **Case No. 10-01205** | |
| **COMMONWEALTH OF MASSACHUSETTS,** ) | | |
| **NICKERSON LUMBER COMPANY,** ) | | |
| **NAYSTEPHEN A. LAGANA,** ) | | |
| Defendants ) | | |
| **and** ) | | |
| ) | | |
| **MORTGAGE ELECTRONIC REGISTRATION** ) | | |
| **SYSTEMS, INC., AND COMMONWEALTH** ) | | |
| **OF MASSACHUSETTS,** ) | | |
| Defendants/Parties-In-Interest ) | | |

**MASSACHUSETTS DEPARTMENT OF REVENUE'S ANSWER TO**
**COMPLAINT FOR INTERPLEADER**

The Defendant, Massachusetts Department of Revenue ("MDOR"), answers the complaint commencing the above-captioned adversary proceeding, filed by Jessica E. Murphy, attorney for Sovereign Bank (the "Plaintiff").

**JURISDICTION AND VENUE**

1. The allegations set forth in Paragraph 1 are statements and conclusions of law, which require no answer.

**PARTIES**

2.     MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 2.

3.     MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 3.

4.     MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 4.

5.     MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 5.

6.     MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 6.

7.     MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 7.

8.     MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 8.

9.     MDOR admits the factual allegations set forth in Paragraph 9, however the proper mailing address is 100 Cambridge Street, Seventh Floor, P.O. Box 9565, Boston, MA 02114-9565.

10.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 10.

11.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 11.

12.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 12.

13.     MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 13.

14.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 14.

15.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 15.

16.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 16

**REQUEST FOR INTERPLEADER**

17.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 17.

18.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 18.

19.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 19.

20.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 20.

21.    MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 21.

22.    (a) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(a).

(b) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(b).

(c) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(c).

(d) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(d).

(e) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(e).

(f) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(f).

(g) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(g).

(h) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(h).

(i) MDOR admits the factual allegations set forth in Paragraph 22(i).

(j) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(j).

(k) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(k).

(l) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(l).

(m) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(m).

(n) MDOR is without sufficient information to admit or deny the factual allegations set forth in Paragraph 22(n).

23. The Plaintiff's prayers for relief do not require any answer.

## MDOR'S FURTHER ANSWER

On August 1, 2008, MDOR assessed Debra Jean Silva with sales tax on meals for the periods ending July 31, 2007 and August 31, 2007 in the total amount of 31,993.03 plus statutory interest and penalties and on October 20, 2008 assessed Debra Jean Silva for sales tax on meals of the period ending September 30, 2008 in the amount of $5,245.25 plus additional statutory interest and penalties (the 'Tax Liability").

Pursuant to G.L. c. 62C, §50, a Massachusetts lien "shall arise at the time the assessment is made…" Therefore, the lien relates back to the date of assessment and its priority should be determined based on the date of assessment. See *United States v. Berk*, 374 B.R. 385 (D. Mass. 2007).

WHEREFORE, MDOR respectfully requests that this Honorable Court:

1. Enter an order disbursing to MDOR the amount of Surplus Funds, in which this Court finds MDOR to have an interest; and

2. Enter such other and further relief as may be just and proper.

**Respectfully submitted,**

Dated: August 17, 2010

**NAVJEET K. BAL,  COMMISSIONER
MASSACHUSETTS DEPARTMENT OF  REVENUE**

**By her attorneys,**

**MARTHA COAKLEY
ATTORNEY GENERAL OF MASSACHUSETTS**

**Kevin W. Brown, General Counsel and
Special Assistant Attorney General**

*/s/  David T. Mazzuchelli*
**David T. Mazzuchelli (BBO # 565641)
Counsel to the Commissioner
Massachusetts Department of Revenue
Litigation Bureau
100 Cambridge Street, P. O. Box 9565
Boston, MA 02114
(617) 626-4022
E-mail: mazzucheld@dor.state.ma.us**

# **CERTIFICATE OF SERVICE**

I, David T. Mazzuchelli, hereby certify that I have this day served a copy of the within ANSWER TO COMPLAINT, electronically or by first classmail, postage prepaid, upon the parties or persons appearing on the accompanying SERVICE LIST as indicated.

*/ s / David T. Mazzuchelli*
David T. Mazzuchelli

Dated: August 17, 2010

# SERVICE LIST

Sovereign Bank, Plaintiff v. Robert B. Ours Co., Inc. et. al, Defendants,
<u>Adversary Proceeding No. 10-01205</u>

**Electronic List:**

Jessica Murphy     jmurphy@mirickoconnell.com

**Manual List:**

Hallsmith-Sysco Food Services, LLC
C/O Dorothy Hebert
380 So. Worcester Street
Norton, MA 02766

Royal Bank America Leasing
550 Township Line Road
550 Township Line Road
#425
Blue Bell, PA 19422

Stephen Shamban
222 Forbes Rd.
P.O. Box 850973
Braintree, MA 02184

Clement A. Silva
PO Box 402
N. Truro, MA

Debra J. Silva
PO Box 402
N. Truro, MA