**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In Re:**<br><br>**DEBRA JEAN SILVA,**<br>Debtor. | **Chapter 7**<br>**Case No. 0919222-WCH** |
| **SOVEREIGN BANK,**<br>    Plaintiff,<br><br>v.<br><br>**ROBERT B. OUR CO., INC., ROCKLAND TRUST COMPANY, EDWARD E. VEARA, HALLSMITH-SYSCO FOOD SERVICES, LLC, ROYAL BANK AMERICA LEASING, JOHN F. NOONS, INC., THE COMMONWEALTH OF MASSACHUSETTS, NICKERSON LUMBER COMPANY, CAPE TIP SEAFOOD, INC., TIMEPAYMENT CORP., 85-87 SHANKPAINTER ROAD, LLC, CLEMENT A. SILVA, individually and as Trustee of the CLEMDEB REALTY TRUST, DEBRA J. SILVA, as Trustee of the CLEMDEB REALTY TRUST, and STEPHEN E. SHAMBAN, as Chapter 7 Trustee,**<br>    Defendants. | **Adversary Proceeding**<br>**Case No.: 10-01205** |

**ROCKLAND TRUST COMPANY'S ANSWER TO**
**COMPLAINT FOR INTERPLEADER**

**INTRODUCTION**

The Defendant, Rockland Trust Company (the "Defendant") states that the unnumbered "Introduction" paragraph of the Complaint for Interpleader (the "Complaint") requires no response, however, to the extent that a response is necessary, the Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations contained therein.

## Jurisdiction and Venue

1. The allegations set forth in Paragraph 1 of the Complaint are conclusions of law, which require no answer.

2. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint.

3. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admitted.

5. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint.

7. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint.

8. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint.

9. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint.

11. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint.

12.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Admitted.

## REQUEST FOR INTERPLEADER

17.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     The Defendant admits that a document titled "Quitclaim Deed" is recorded at the Barnstable County Registry of Deeds in Book 21358, Page 311, the contents of which speaks for itself, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 18 of the Complaint.

19.     The Defendant admits that a document titled "Commercial Mortgage, Security Agreement and Assignment of Leases and Rents" is recorded at the Barnstable County Registry of Deeds in Book 13903, Page 118 and a document title "Mortgage Deed (to Secure Guaranty)" is recorded at said Registry of Deeds in Book 13903, Page 134, that said recorded documents speak for themselves and states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20.     The Defendant admits that a document titled "Mortgage Deed (to Secure

Guaranty)" is recorded at said Registry of Deeds in Book 18094, Page 218, that said recorded document speaks for itself and states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint and calls upon the Plaintiff to prove the same and provide an accounting.

22. The Defendant admits that it is the mortgagee of a Mortgage against the Property recorded at the Barnstable County Registry of Deeds in Book 23075, Page 126, that it is the holder of certain attachments of record at said Deeds in Book 24060, Page 146 and 24532, Page 147, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraphs 22(a), (c) – (l) of the Complaint.

23. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint and calls upon the Plaintiff to prove the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant, Rockland Trust Company is entitled to the entire Surplus and no other claimant has a valid claim against said proceeds.

### Second Affirmative Defense

The Defendant, Rockland Trust Company is entitled to the entire Surplus as all other claims to the proceeds have been waived.

### Third Affirmative Defense

The Defendant, Rockland Trust Company is entitled to the entire Surplus as a

matter of equity based upon either the doctrine of fiduciary estopple and/or equitable subrogation.

### Fourth Affirmative Defense

The Defendant, Rockland Trust Company is entitled to the entire Surplus because no other defendant alleged to have an "encumbrance" against the Property pursuant to the Compliant at Paragraph 22 (a), (c)-(l) had relied to its detriment on the records of the Registry of Deeds.

### Fifth Affirmative Defense

The Defendant, Rockland Trust Company is entitled to the entire Surplus under the principle of equitable fairness.

WHEREFORE, the Defendant, Rockland Trust Company respectfully requests that this Honorable Court:

A. Enter an order disbursing the entire Surplus to Rockland Trust Company or such other amount that this Court finds Rockland Trust Company to have an interest; and

B. Enter such other and further relief as may be just and proper.

Respectfully submitted,
Rockland Trust Company,
By its Attorneys,

Dated: August 17, 2010

/s/ Michael A. Wirtz
_____
Jack J. Mikels, BBO# 345560
Michael A. Wirtz, BBO# 636587
Jane Albrecht, BBO# 671855
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454
Tel: 617.472.5600
jmikels@gis.net

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| **In Re:**<br><br>    **DEBRA JEAN SILVA,**<br>    Debtor.<br><br>**SOVEREIGN BANK,**<br>    Plaintiff,<br><br>v.<br><br>**ROBERT B. OUR CO., INC., ROCKLAND TRUST COMPANY, EDWARD E. VEARA, HALLSMITH-SYSCO FOOD SERVICES, LLC, ROYAL BANK AMERICA LEASING, JOHN F. NOONS, INC., THE COMMONWEALTH OF MASSACHUSETTS, NICKERSON LUMBER COMPANY, CAPE TIP SEAFOOD, INC., TIMEPAYMENT CORP., 85-87 SHANKPAINTER ROAD, LLC, CLEMENT A. SILVA, individually and as Trustee of the CLEMDEB REALTY TRUST, DEBRA J. SILVA, as Trustee of the CLEMDEB REALTY TRUST, and STEPHEN E. SHAMBAN, as Chapter 7 Trustee,**<br>        Defendants. | **Chapter 7**<br>**Case No. 0919222-WCH**<br><br><br><br><br><br><br><br> **Adversary Proceeding**<br> **Case No.: 10-01205** |

CERTIFICATE OF SERVICE

   I, Michael A. Wirtz, hereby certify that on August 17, 2010, I caused a true copy of

Rockland Trust Company's Answer to Complaint for Interpleader to be electronically

transmitted on the following parties by the Court's ECF System or by first class mail, postage

prepaid, upon the parties or persons appearing below:

6

Jessica Murphy, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
jmurphy@mirickoconnell.com

Stephen E. Shamban, Esq.
222 Forbes Road, Suite 208
P.O. Box 850973
Braintree, MA 02185

Debra J. Silva
P.O. Box 402
N. Truro, MA

Clement A. Silva
P.O. Box 402
N. Truro, MA

Hallsmith-Sysco Food Services, LLC
c/o Dorothy Hebert
380 So. Worcester Street
Norton, MA 02766

Royal Bank America Leasing
550 Township Line Road # 425
Blue Bell, PA 19422

/s/ Michael A. Wirtz
_____
Jack J. Mikels BBO #345560
Michael A. Wirtz, BBO #636587
Jane Albrecht, BBO #671855
JACK MIKELS & ASSOCIATES, LLP
Batterymarch Park, Suite 309
Quincy, MA  02169-7454
Tel:  617.472.5600
e-mail: jmikels@gis.net