UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>DEBRA JEAN SILVA,<br>    Debtor.<br><br>SOVEREIGN BANK,<br>    Plaintiff,<br><br>v.<br><br>ROBERT B. OUR CO., INC., ROCKLAND TRUST COMPANY, EDWARD E. VEARA, HALLSMITH-SYSCO FOOD SERVICES, LLC, ROYAL BANK AMERICA LEASING, JOHN F. NOONS, INC., THE COMMONWEALTH OF MASSACHUSETTS, NICKERSON LUMBER COMPANY, CAPE TIP SEAFOOD, INC., TIMEPAYMENT CORP., 85-87 SHANKPAINTER ROAD, LLC, CLEMENT A. SILVA, individually and as Trustee of the CLEMDEB REALTY TRUST, DEBRA J. SILVA, as Trustee of the CLEMDEB REALTY TRUST, and STEPHEN E. SHAMBAN, as Chapter 7 Trustee,<br>    Defendants. | CHAPTER 7<br>CASE NO. 09-19222-WCH<br><br><br><br><br><br><br><br>ADVERSARY PROCEEDINGS<br>CASE NO. 10-01205 |

STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE'S
ANSWER TO COMPLAINT FOR INTERPLEADER

INTRODUCTION

The Defendant, Stephen E. Shamban, Chapter 7 Trustee (Chapter 7 Trustee) states that the unnumbered "Introduction" paragraph of the Complaint for Interpleader (the "Complaint") requires no response, however, to the extent that a response is necessary, the Chapter 7 Trustee

lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

## JURISDICTION AND VENUE

1. Admitted that the Bankruptcy Court has jurisdiction and venue is appropriate.

## PARTIES

2. Admitted.

3. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admitted.

5. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint.

7. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Admitted.

9. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief as to whether the correct mailing address for the Commonwealth is identified in this paragraph.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint.

15. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Admitted.

## REQUEST FOR INTERPLEADER

17. Admitted in so far that the chain of title and deeds conveying the real estate speak for themselves.

18. The Chapter 7 Trustee admits that a document titled "Quitclaim Deed" is recorded at the Barnstable County Registry of Deeds in Book 21358, Page 311, the contents of which speaks for itself, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 18 of the Complaint.

19. The Chapter 7 Trustee admits that a document titled "Commercial Mortgage, Security Agreement and Assignment of Leases and Rents" is recorded at the Barnstable County Registry of Deeds in Book 13903, Page 118 and a document title "Mortgage Deed (to Secure Guaranty)" is recorded at said Registry of Deeds in Book 13903, Page 134, that said recorded documents speak for themselves and states that he otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20. The Chapter 7 Trustee admits that a document titled "Mortgage Deed (to Secure Guaranty)" is recorded at said Registry of Deeds in Book 18094, Page 218, that said recorded document speaks for itself and states that he otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 20 of the

Complaint.

21. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint and calls upon the Plaintiff to prove the same and provide an accounting.

22. Admitted in so far that the chain of title and encumbrances, attachments and executions recorded referencing the real estate speak for themselves and he otherwise lacks knowledge or information sufficient to form a belief about the validity of any lien referenced in Paragraphs 22(a)-(n) – (l) of the Complaint.

23. The Chapter 7 Trustee lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint and calls upon the Plaintiff to prove the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Bankruptcy Estate is entitled to the entire Surplus and no other creditor or claimant has a valid claim against said proceeds.

### Second Affirmative Defense

The Bankruptcy Estate is entitled to the entire Surplus as all other claims to the Surplus and the liens are subject to avoidance by the Chapter 7 Trustee pursuant to 11 U.S.C. § 544 and other relevant provisions of the Code.

### Third Affirmative Defense

The Bankruptcy Estate is entitled to the entire Surplus as a matter of equity and based upon the doctrine of estoppel.

WHEREFORE, Stephen E. Shamban, Chapter 7 Trustee, respectfully requests that this Honorable Court:

a.  Enter an Order for turnover of the entire Surplus to the Chapter 7 Trustee or such other amount that this Court finds the Bankruptcy Estate to have an interest; and

b.  Enter such other and further relief as may be just and proper.

                                                  Respectfully submitted,
                                                  STEPHEN E. SHAMBAN,
                                                  CHAPTER 7 TRUSTEE
                                                  By his Attorneys,
                                                  STEPHEN E. SHAMBAN LAW OFFICES, P.C.

DATED: August 18, 2010    By:       */s/Jenny L. Redden*
                                                  JENNY L. REDDEN (BBO# 645667)
                                                  P.O. BOX 850973, 222 FORBES ROAD, STE. 208
                                                  BRAINTREE, MA  02185-0973
                                                  (781) 849-1136
                                                  EMAIL:  jennylredden@yahoo.com

CERTIFICATE OF SERVICE

    I, Jenny L. Redden, hereby certify that on August 18, 2010, I filed STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE'S ANSWER TO COMPLAINT FOR INTERPLEADER via the Court's ECF system and served said pleading:

David T. Mazzuchelli    mazzucheld@dor.state.ma.us
Jessica Murphy    jmurphy@mirickoconnell.com
Michael A. Wirtz    jmikels@gis.net

                                    /s/Jenny L. Redden