## United States Bankruptcy Court
### District of Massachusetts
### Eastern Division

| | |
|---|---|
| **In Re:** ) | |
| ) | |
| **Debra Jean Silva,** ) | **Chapter 7** |
| **Debtor** ) | **Case No. 09-19222-WCH** |
| ) | |
| **Sovereign Bank,** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **Robert B. Our Co., Inc., Rockland** ) | |
| **Trust Company, Edward E. Veara,** ) | |
| **Hallsmith-Sysco Food Services,** ) | |
| **LLC, Royal Bank America** ) | **Adversary Proceedings** |
| **Leasing, John F. Noons, Inc., The** ) | **Case No. 10-01205** |
| **Commonwealth of** ) | |
| **Massachusetts, Nickerson** ) | |
| **Lumber Company, Cape Tip** ) | |
| **Seafood, Inc., Timepayment** ) | |
| **Corp. 85-87 Shankpainter Road,** ) | |
| **LLC, Clement A. Silva, individually** ) | |
| **and as Trustee of the ClemDeb Realty** ) | |
| **Trust, Debra J. Silva, as Trustee of** ) | |
| **the ClemDeb Realty Trust, and** ) | |
| **Stephen E. Shamban, as Chapter 7** ) | |
| **Trustee,** ) | |
| **Defendants** ) | |

### Robert B. Our Co., Inc.'s Answer to Complaint for Interpleader

Defendant Robert B. Our Co., Inc., answers the complaint for interpleader as

follows:

1

## Introduction

To the extent the unnumbered first paragraph labeled, "Introduction," requires a response, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the paragraph.

## Jurisdiction and Venue

1.    The allegations set forth in paragraph 1 are conclusions of law, which require no answer.

2.    The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2.

3.    Admitted.

4.    The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.

5.    The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

6.    The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.

7.    The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

8.    The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

9.      The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

10.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10.

11.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.

12.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

13.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.

14.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14.

15.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15.

16.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.

### Request for Interpleader

17.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.

18.     The defendant admits that a document entitled "Quitclaim Deed," is recorded at the Barnstable County Registry of Deeds, on  in Book 21358, Page 311.

The document speaks for itself. The defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 18.

19.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.

21.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 and calls upon plaintiff to prove the accuracy of the allegations and provide an accounting.

22.     The defendant admits that it is the mortgagee of a mortgage against the property recorded at the Barnstable County Registry of Deeds on July 18, 2008, in Book 23052, Page 111, and that it is the holder of an attachment against the property recorded at the Barnstable County Registry of Deeds, on May 20, 2008, in Book 22923, Page 99. Both documents speak for themselves. The defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 22.

23.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 and calls upon the plaintiff to prove the accuracy of the allegations.

**Affirmative Defenses**

*First Affirmative Defense*

The defendant is entitled to either $25,000.00, under the attachment recorded on May 20, 2008, or, under the mortgage recorded on July 18, 2008, for a principal amount of $25,691.71 and an annual interest rate of 8%, $30,027.63 as of the end of business on August 26, 2010, plus $5.63 per day each day from August 27, 2010 until the mortgage is paid off. No other claimant has a valid claim against the surplus.

*Second Affirmative Defense*

The defendant is entitled to either $25,000.00, under the attachment recorded on May 20, 2008, or, under the mortgage recorded on July 18, 2008, for a principal amount of $25,691.71 and an annual interest rate of 8%, $30,027.63 as of the end of business on August 26, 2010, plus $5.63 per day each day from August 27, 2010 until the mortgage is paid off, as a matter of equity and based upon the doctrine of estoppel. No other claimant has a valid claim against the surplus.

*Third Affirmative Defense*

The defendant is entitled to either $25,000.00, under the attachment recorded on May 20, 2008, or, under the mortgage recorded on July 18, 2008, for a principal amount of $25,691.71 and an annual interest rate of 8%, $30,027.63 as of the end of business on August 26, 2010, plus $5.63 per day each day from August 27, 2010 until the mortgage is paid off. All other claims to the surplus have been waived.

The defendant respectfully requests that this Honorable Court order:

A.  that $25,000.00, or $30,027.63, or some other amount in which this Court

finds Robert B. Our Co., Inc. to have an interest, be disbursed, from the

surplus proceeds, to Robert B. Our Co., Inc; and

B.  any further relief as may be just and proper.

Respectfully submitted,
Robert B. Our Co., Inc.
By its attorneys,

/s/ Frank J. Shealey
Frank J. Shealey, BBO# 456440
The Law Offices of Frank J. Shealey
P.O. Box 666 – 37 Stage Harbor Road
Chatham, MA 02633
(508) 945-9500
shealeylaw@verizon.net

/s/ Brian Widegren
Brian Widegren, BBO# 527150
72 Route 28, Suite 6
West Harwich, MA 02671
(508) 432-2600
brianwidegren@gmail.com

Dated: August 26, 2010

6

## Certificate of Service

I, Brian Widegren, certify that I have this 26th day of August, 2010, served a

copy of the within Defendant Robert B. Our Co., Inc.'s Answer to Complaint for

Interpleader upon the parties or persons listed below, by electronic transmission:

Jessica Murphy, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
jmurphy@mirickoconnell.com

Michael A. Wirz, Esq.
Jack Mikels & Associates, LLP
jmikels@gis.net

David T. Mazzuchelli, Esq.
Counsel to the Commissioner
Massachusetts Department of Revenue
mazzucheld@dor.state.ma.us

/s/ Brian D. Widegren
Brian D. Widegren

## Certificate of Service

I, Frank J. Shealey, certify that I have this 26th day of August, 2010, served
a copy of Defendant Robert B. Our Co., Inc.'s Answer to Complaint for Interpleader upon
the parties or persons listed below, by first class mail, postage pre-paid, as indicated below.

| | | |
|---|---|---|
| Stephen E. Shamban, Esq.<br>P.O. Box 850973<br>222 Forbes Road, Suite 208<br>Braintree, MA 02185 | Debra J. Silva<br>P.O. Box 402<br>N. Truro, MA 02652 | Clement A. Silva<br>P.O. Box 402<br>N. Truro, MA 02652 |

Royal Bank America Leasing
550 Township Line Road # 425
Blue Bell, PA 19422

/s/ Frank J. Shealey
Frank J. Shealey