UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re: DEBRA JEAN SILVA,<br>            Debtor. | Chapter 7<br>Case No. 0919222-WCH |
| SOVEREIGN BANK,<br>Plaintiff,<br>v.<br>ROBERT B. OUR CO., INC., ROCKLAND TRUST COMPANY, EDWARD E. VEARA,<br>HALLSMITH-SYSCO FOOD SERVICES, LLC, ROYAL BANK AMERICA LEASING, JOHN F. NOONS, INC., THE COMMONWEALTH OF MASSACHUSETTS, NICKERSON LUMBER COMPANY, CAPE TIP SEAFOOD, INC., TIMEPAYMENT CORP., 85-87 SHANKPAINTER ROAD, LLC, CLEMENT A. SILVA, individually and as Trustee of the CLEMDEB REALTY TRUST, DEBRA J. SILVA, as Trustee of the CLEMDEB REALTY TRUST, and STEPHEN E. SHAMBAN, as Chapter 7 Trustee,<br>            Defendants. | Adversary Proceeding<br>Case No.: 10-01205 |

**ANSWER TO STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE'S CROSS-CLAIM AGAINST ROCKLAND TRUST COMPANY**

The Defendant, Rockland Trust Company (the "Bank") states that the unnumbered first paragraph of Stephen E. Shamban, Chapter 7 Trustee's Cross-claim Against Rockland Trust Company (the "Cross-claim") requires no response. However, to the extent that a response is necessary, the Bank states that on or about July 14, 2008, it was granted a mortgage on the real estate located at 85-87 Shankpainter Road, Providence, MA (the "Property") by the Debtor,

1

Debra Jean Silva (the "Debtor") and her non-debtor brother, Clement A. Silva ("Clement") as Managers of the 85-87 Shankpainter Road, LLC, (the "LLC"), after commencement of the Debtor's bankruptcy action, it was alleged that the Debtor and Clement individually, not the LLC were owners of the Property, thus due to irregularities in the title, mutual mistake and/or fraud the Bank has equitable claims and rights against the Property which should prevail over any rights and claims that Stephen E. Shamban, as Chapter 7 Trustee, (the "Trustee") may have under 11 U.S.C., § 544.

## PARTIES

1. The Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Cross-claim.

2. Admitted.

## JURISDICTION

3. The allegations contained in Paragraph 3 of the Cross-claim are conclusions of law which require no response.

## ALLEGED FACTS

4. Denied.

5. Admitted.

6. The Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Cross-claim.

7. The Bank states that the Debtor's Schedule A and Amended Schedule A identify an interest in the Property as "Business Propert[y]", and lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Cross-claim.

8. The Bank lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 8 of the Cross-claim.

9. The Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Cross-claim.

10. The Bank admits that it was granted a mortgage from the LLC which is recorded at the Barnstable County Registry of Deeds at Book 23075, Page 126 and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 of the Cross-claim.

11. The Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Cross-claim.

12. The Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Cross-claim.

13. Denied, the Bank has equitable rights and claims concerning the validity of the mortgage and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 of the Cross-claim.

## COUNT I (11 U.S.C. § 544)

14. To the extent the Trustee repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 13 of the Cross-claim, the Bank hereby repeats, reavers and incorporates herein by reference its responses to paragraphs 1 through 12 of its Answer there to.

15. The Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Cross-claim.

16. The Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 16 of the Cross-claim and further states that a Bank's equitable rights and claims are superior to a trustee's rights under 11 U.S.C. § 544.

17. Denied.

18. The Bank admits that 11 U.S.C. § 544(a) empowers a bankruptcy trustee certain rights and denies that said rights are applicable as to the Bank's equitable rights and interests with respect to the Property.

19. The Bank admits that 11 U.S.C. § 544(a) empowers a bankruptcy trustee certain rights and denies that said rights are applicable as to the Bank's equitable rights and interests with respect to the Property.

20. Denied.

21. Denied.

22. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Cross-claim fails to state a claim upon which relief may be granted against the Bank.

### Second Affirmative Defense

The Trustee is barred from recovering on its Cross-claim by waiver.

### Third Affirmative Defense

As a matter of equity based upon either the doctrine of fiduciary estopple and/or equitable subrogation, the Bank's claims against the Property are superior to any rights and claims that the Trustee may have pursuant to 11 U.S.C., § 544.

### Fourth Affirmative Defense

The Cross-claim is barred by the doctrine of estopple.

### Fifth Affirmative Defense

The Trustee is barred from recovering on its Cross-claim as he had constructive and/or actual notice of the Bank's equitable charge and claim against the Property.

### Sixth Affirmative Defense

The Trustee's rights and claims under 11 U.S.C. § 544 are invalid and subordinate as to the Bank's claims and rights against the Property.

### Seventh Affirmative Defense

The Cross-claim is barred under provisions of the Bankruptcy Code which allows for certain liens that, although not perfected prior to bankruptcy, may be perfected under state law to protect the creditor against other interests acquired prior to perfection.

### Eighth Affirmative Defense

The Trustee nor any other creditor of the Debtor relied to their detriment upon the records of the Barnstable County Registry of Deeds concerning the Property.

### Nineth Affirmative Defense

The Bank has equitable claims and rights against the Property resulting from irregularities in the title, mutual mistake and/or fraud that are superior to any claims of the Trustee.

### Tenth Affirmative Defense

The Cross-claim is barred by the statute of limitations.

WHEREFORE, the Defendant, Rockland Trust Company respectfully requests that this Honorable Court:

A. Dismiss the Cross-claim;

B. Enter an order reforming the Bank's mortgage and/or declare that the Bank's equitable interests and lien against the Property are superior to all claims and rights of the Trustee under 11 U.S.C. 544;

C. Deny the Trustee's requests for an order to avoid the Bank's mortgage and lien; and

D. Enter such other and further relief as may be just and proper.

Dated: October 25, 2010

Respectfully submitted,
Rockland Trust Company,
By its Attorneys,

/s/ Michael A. Wirtz
_____
Jack J. Mikels, BBO# 345560
Michael A. Wirtz, BBO# 636587
Jane Albrecht, BBO# 671855
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454
Tel: 617.472.5600
jmikels@gis.net

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In Re: DEBRA JEAN SILVA,**<br>        Debtor. | **Chapter 7**<br>**Case No. 0919222-WCH** |
| **SOVEREIGN BANK,**<br>**Plaintiff,**<br>v.<br>**ROBERT B. OUR CO., INC., ROCKLAND TRUST COMPANY, EDWARD E. VEARA, HALLSMITH-SYSCO FOOD SERVICES, LLC, ROYAL BANK AMERICA LEASING, JOHN F. NOONS, INC., THE COMMONWEALTH OF MASSACHUSETTS, NICKERSON LUMBER COMPANY, CAPE TIP SEAFOOD, INC., TIMEPAYMENT CORP., 85-87 SHANKPAINTER ROAD, LLC, CLEMENT A. SILVA, individually and as Trustee of the CLEMDEB REALTY TRUST, DEBRA J. SILVA, as Trustee of the CLEMDEB REALTY TRUST, and STEPHEN E. SHAMBAN, as Chapter 7 Trustee,**<br>        **Defendants.** | **Adversary Proceeding**<br>**Case No.: 10-01205** |

**CERTIFICATE OF SERVICE**

I, Michael A. Wirtz, hereby certify that on October 25, 2010, I caused a true copy of ANSWER TO STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE'S CROSS-CLAIM AGAINST ROCKLAND TRUST COMPANY to be electronically transmitted on the following parties by the Court's ECF System or by first class mail, postage prepaid, upon the parties or persons appearing below:

Jessica Murphy, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
jmurphy@mirickoconnell.com

Stephen E. Shamban, Esq.
Jenny L. Redden, Esq.
Stephen E. Shamban Law Offices, P.C.
222 Forbes Road, Suite 208
P.O. Box 850973
Braintree, MA 02185
sshamban@shambanlaw.com
jennylredden@yahoo.com

Frank J. Shealey, Esq.
The Law Office of Frank J. Shealey
P.O. Box 666 – 37 Stage Harbor Road
Chatham, MA 02633
shealeylaw@verizon.net

Brian Widegren, Esq.
72 Route 28, Suite 6
West Harwich, MA 02671
brianwidegren@gmail.com

David T. Mazzuchelli, Esq.
Counsel to the Commissioner
Massachusetts Department of Revenue Litigation Bureau
100 Cambridge Street
P.O. Box 9565
Boston, MA 02114
mazzucheld@dor.state.ma.us

Debra J. Silva
P.O. Box 402
N. Truro, MA

Clement A. Silva
P.O. Box 402
N. Truro, MA

Royal Bank America Leasing
550 Township Line Road # 425
Blue Bell, PA 19422

Timepayment Corp.
10 M Commerce Way
Woburn, MA 01801

Edward E. Veara
828 Main Street
Dennis, MA 02638-1904

/s/ Michael A. Wirtz
_____
Jack J. Mikels BBO #345560
Michael A. Wirtz, BBO #636587
Jane Albrecht, BBO #671855
JACK MIKELS & ASSOCIATES, LLP
Batterymarch Park, Suite 309
Quincy, MA 02169-7454
Tel: 617.472.5600
e-mail: jmikels@gis.net