# EXHIBIT A

## United States Bankruptcy Court
### District of Massachusetts
### Eastern Division

| | |
|---|---|
| In Re: ) | |
| ) | |
| Debra Jean Silva, ) | Chapter 7 |
|     Debtor ) | Case No. 09-19222-WCH |
| ) | |
| Sovereign Bank, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Robert B. Our Co., Inc., Rockland ) | |
| Trust Company, Edward E. Veara, ) | |
| Hallsmith-Sysco Food Services, ) | |
| LLC, Royal Bank America ) | Adversary Proceedings |
| Leasing, John F. Noons, Inc., The ) | Case No. 10-01205 |
| Commonwealth of ) | |
| Massachusetts, Nickerson ) | |
| Lumber Company, Cape Tip ) | |
| Seafood, Inc., Timepayment ) | |
| Corp. 85-87 Shankpainter Road, ) | |
| LLC, Clement A. Silva, individually ) | |
| and as Trustee of the ClemDeb Realty ) | |
| Trust, Debra J. Silva, as Trustee of ) | |
| the ClemDeb Realty Trust, and ) | |
| Stephen E. Shamban, as Chapter 7 ) | |
| Trustee, ) | |
|     Defendants ) | |

### Robert B. Our Co., Inc.'s Answer to Cross-Claim of Stephen E. Shamban, Chapter 7 Trustee

Defendant Robert B. Our Co., Inc. answers the cross-claim as follows:

To the extent the unnumbered first paragraph requires a response, the defendant states that Clement A. Silva, as manager of 85-87 Shankpainter Road, LLC, the purported owner of 85-87 Shankpainter Road, Provincetown, MA (the "Property"), granted defendant a mortgage on the Property on July 17, 2008. The mortgage was granted as security for a judgment the defendant had obtained against Mr. Silva in the amount of $25,691.71, with interest accruing at a rate of 8% per year. Even if 85-87 Shankpainter Road, LLC did not own the Property when it granted the mortgage to defendant, as the trustee has alleged, the defendant is still entitled to a portion of the surplus proceeds based on estoppel, mutual mistake, fraud, and general equity principles.

## Parties

1. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1.
2. Admitted.

## Jurisdiction

3. The allegations set forth in paragraph 3 are conclusions of law, which require no answer.

## Facts

4. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.

5. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

6. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.

7. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

8. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

9. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

10. The defendant admits that it is the mortgagee of a mortgage against the property recorded at the Barnstable County Registry of Deeds on July 18, 2008, in Book 23052, Page 111. The defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 10.

11. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.

12. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

13. Denied. The defendant has equitable rights and claims to the surplus proceeds. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.

## Count I (11 U.S.C. § 544)

14. The defendant restates and incorporates by reference its responses to paragraphs 1–13.

15. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15.

16. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.

17. Denied.

18. The defendant admits that 11 U.S.C. § 544(a) confers certain rights on a bankruptcy trustee, but denies that those rights should affect the defendant's entitlement to the surplus proceeds.

19. The defendant admits that 11 U.S.C. § 544(a) confers certain rights on a bankruptcy trustee, but denies that those rights should affect the defendant's entitlement to the surplus proceeds.

20. Denied.

21. Denied.

22. Denied.

### Affirmative Defenses

*First Affirmative Defense*

The cross-claim fails to state a claim on which relief may be granted.

### *Second Affirmative Defense*

The trustee has waived all claims against the defendant.

### *Third Affirmative Defense*

The cross-claim is barred by the doctrine of estoppel.

### *Fourth Affirmative Defense*

The trustee's rights and claims under 11 U.S.C. § 544 are invalid and subordinate as to the defendant's claims and rights to the surplus proceeds.

### *Fifth Affirmative Defense*

Neither the trustee nor any other creditor of the debtor relied to their detriment upon the records of the Barnstable County Registry of Deeds.

### *Sixth Affirmative Defense*

The defendant has claims to the surplus proceeds based on estoppel, mutual mistake, fraud, and general equity principles.

The defendant respectfully requests that this Honorable Court:

A. dismiss the cross-claim with prejudice, and deny all relief requested by the trustee;

B. enter an order reforming the defendant's mortgage or declaring that the defendant's entitlement to the surplus proceeds is superior to the trustee's; and

C. award further relief as may be just and proper.

        Respectfully submitted,
Robert B. Our Co., Inc.
By its attorneys,

/s/ Brian Widegren
Brian Widegren, BBO# 527150
72 Route 28, Suite 6
West Harwich, MA 02671
(508) 432-2600
brianwidegren@gmail.com

/s/ Frank J. Shealey
Frank J. Shealey, BBO# 456440
The Law Offices of Frank J. Shealey
P.O. Box 666 – 37 Stage Harbor Road
Chatham, MA 02633
(508) 945-9500
shealeylaw@verizon.net

Dated: October 29, 2010

## Certificate of Service

I hereby certify that that I have this date caused a copy of the following documents to be electronically transmitted to the following persons:

Document: Exhibit A to Defendant Robert B. Our Co., Inc.'s Motion to Allow Late Filing of Answer to Cross-Claim

Persons Served: Jessica Murphy, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
jmurphy@mirickoconnell.com

Michael A. Wirz, Esq.
Jack Mikels & Associates, LLP
jmikels@gis.net

David T. Mazzuchelli, Esq.
Counsel to the Commissioner
Massachusetts Department of Revenue
mazzucheld@dor.state.ma.us

Jenny L. Redden, Esq.

Dated: October 29, 2010

/s/ Brian Widegren
Brian Widegren, BBO# 527150
72 Route 28, Suite 6 West
Harwich, MA 02671 (508) 432-2600

## Certificate of Service

I, Frank J. Shealey, certify that I have this 29th day of October, 2010, served a copy of Exhibit A to Defendant Robert B. Our Co., Inc.'s Motion to Allow Late Filing of Answer to Cross-Claim on the parties or persons listed below, by mail, postage prepaid, as indicated below.

/s/ Frank J. Shealey
Frank J. Shealey, BBO# 456440
The Law Offices of Frank J. Shealey
P.O. Box 666 – 37 Stage Harbor Road
Chatham, MA 02633
(508) 945-9500

Stephen E. Shamban, Esq.
Jenny L. Redden, Esq.
P.O. Box 850973
222 Forbes Road, Suite 208
Braintree, MA 02185

Debra J. Silva
P.O. Box 402
N. Truro, MA 02652

Clement A. Silva
P.O. Box 402
N. Truro, MA 02652

85-87 Shankpainter Road, LLC
85 Shank Painter Road
Provincetown, MA 02657-1344

Cape Tip Seafood, Inc.
45A Court Street
Provincetown, MA 02657

John F. Noons, Inc.
6 Noons Heights Road
N. Truro, MA 02652

Nickerson Lumber Company
P.O. Box 1418
465 Route 134
S. Dennis, MA 02660-1418

Royal Bank America Leasing
550 Township Line Road, #425
Blue Bell, PA 19422

Timepayment Corp.
10M Commerce Way
Woburn, MA 01801

Edward E. Veara
828 Main Street
Dennis, MA 02638-1904